GUARANTY AGREEMENT

THIS GUARANTY AGREEMENT ("Guaranty"), dated January 15, 2013, is made by Anthony and **Giovanna Imbiscuso**, h/w, individuals, (hereinafter sometimes referred to collectively as "Guarantor") in favor of **Gordon Clune and Elizabeth An** (collectively, "Lender").

1. **Background**.

    1.1  Lender has been asked by **Guiseppe Accardi** ("Borrower"), for an extension of credit in an amount of One Hundred Twenty Thousand Dollars and No Cents ($120,000.00) (the "Loan"), and Lender is willing to extend credit pursuant to a Promissory Note and Mortgage (collectively, the "Loan Documents") executed and delivered by Borrower, but only if Guarantor will guarantee to Lender the obligations of Borrower thereunder.

    1.2  Guarantor, with intent to be legally bound hereby, and to benefit Borrower, will guaranty Borrower's obligations to Lender on the terms and conditions set forth below.

2. **Guaranty**.

    2.1  Guarantor hereby unconditionally and irrevocably guarantees to Lender and their successors and assigns, the prompt and complete payment when due (whether by acceleration or otherwise) of all amounts of any kind whatsoever payable by Borrower under or pursuant to the Loan Documents, including, without limitation, all principal, interest and other obligations and liabilities of Borrower to Lender now existing or hereafter incurred arising out of or in connection with the Loan Documents (all such amounts, obligations and liabilities being hereinafter called the "Obligations") and if for any reason whatsoever Borrower shall fail to do so, Guarantor shall promptly pay the same. Guarantor further agrees to pay any and all reasonable expenses which may be paid or incurred by Lender in collecting from Guarantor any or all of the Obligations and/or in enforcing any rights hereunder.

    2.2  The obligations of Guarantor under this Guaranty shall be continuing, absolute, and unconditional under any and all circumstances and shall be paid and performed by Guarantor regardless of (a) the validity, regularity, legality or enforceability of the Loan documents or any of them, any of the Obligations, any collateral security or any other guaranty therefor at any time or from time to time held by Lender; (b) any defense, offset or counterclaim which could at any time have been asserted by Borrower, unless such defense, offset or counterclaim is permitted under the Loan Documents to be asserted by Borrower (c) the disaffirmance of the Loan Documents in any insolvency, bankruptcy or reorganization proceeding relating to the Borrower; or (d) any other event or circumstance whatsoever which may constitute, or might be construed to constitute, an equitable or legal discharge of a surety or a guarantor.

    2.3  Guarantor hereby consents, notwithstanding the occurrence of any of the following acts or events, that (a) any demand for payment of any of the Obligations made by Lender may be rescinded by Lender and any of the Obligations continued; (b) the Obligations, or the liability of any party upon or for any part thereof, or any collateral security or guaranty therefor, may, from time to time, in whole or in part, be renewed, extended, amended, modified, accelerated, settled, compromised, waived, surrendered or released by Lender; (c) the Loan Documents, any collateral security documents or other guaranties or documents in connection therewith may be amended, modified, supplemented or terminated, in whole or in part, as Lender may deem advisable from time to time; and (d) any or all of the collateral security at any time securing the payment of the Obligations may

EXHIBIT "A"

be sold, exchanged, waived, surrendered or released; provided, however, that Lender shall promptly provide notice and copies of the foregoing to Guarantor. This Guaranty is a guaranty of performance and payment (and not merely of collection). Guarantor waives any requirement that Lender commence suit or exercise any other right or remedy under the Loan Documents prior to enforcing its rights against Guarantor hereunder. Guarantor waives diligence, presentment, protest, demand for payment and/or notice of default or nonpayment to or upon Borrower with respect to the Obligations and the Loan Documents, except that Guarantor shall have ten (10) days notice of any Obligation due hereunder.

2.4   Guarantor waives any and all notice of the creation, renewal, extension or accrual of any of the Obligations and notice of or proof of reliance by Lender upon this Guaranty or acceptance of this Guaranty.

2.5   Lender shall notify Guarantor of any default on the part of Borrower. Guarantor does not guaranty and shall not be liable for the principal amount of any advance, loan or other extension of credit to Borrower made during the continuance of any default on the part of Borrower, or any interest accrued thereon, unless Guarantor has consented thereto in writing after notice from Lender.

2.6   At any time, Guarantor may terminate this Guaranty by delivering written notice thereof to Lender, and Guarantor shall have no liability to Lender for the principal amount of any advance, loan or other extension of credit to Borrower made by Lender after receipt of such termination notice, or interest accrued thereon, but this Guaranty shall remain in full force and effect with respect to any credit extended to Borrower prior to Lender's receipt of such notice of termination.

3.   **No Subrogation**. Notwithstanding any payment or payments made or performance rendered by Guarantor hereunder, Guarantor shall not be entitled to be subrogated to any of the rights of Lender against Borrower or any other guaranty or collateral security held by Lender for the payment of the Obligations or performance of the terms of the Loan Documents until all amounts payable to Lender by Borrower for or on account of the Obligations, and all agreements to be performed or observed by Borrower under the Loan Documents, shall have been paid in full or performed or observed, as the case may be, and the Loan Documents terminated in accordance with its terms. Upon payment of the Obligations by Guarantor, Lender will assign without recourse to Guarantor the Loan Documents and all other collateral and documents evidencing or receiving the extension of credit.

4.   **Notices**. All notices, requests and demands to or upon a particular Guarantor, and all notices or requests to Lender, shall be deemed duly given or made when deposited in the United States mail, first class postage prepaid, certified mail, return receipt requested, and addressed,

If to Guarantor:                              If to Lender:

| Mr. Anthony Imbiscuso and Ms. Giovanna Imbiscuso 1517 Brookhaven Road Wynnewood, Pa 19096 | Mr. Gordon Clune and Ms. Elizabeth An 446 Morning Canyon Road Corona Del Mar, CA 92625 |
|---|---|

or such other address as a party may designate by notice pursuant to this paragraph.

5. **No Waiver; Cumulative Remedies**. A waiver by Lender of any right or remedy hereunder on any one occasion shall not be construed as a bar to any right or remedy which Lender would otherwise have had on any future occasion. No failure to exercise nor any delay in exercising on the part of Lender any right, power or privilege hereunder, shall operate as a waiver thereof; nor shall any single or partial exercise of any right, power or privilege hereunder preclude any other or further exercise thereof or the exercise of any other right, power or privilege. The rights and remedies herein provided are cumulative and may be exercised singly or concurrently, and are not exclusive of any rights and remedies provided by law.

6. **Miscellaneous**. None of the terms or provisions of this Guaranty may be amended, waived, altered, modified or terminated except by an instrument in writing signed by the party against which enforcement of such amendment, waiver, alteration, modification or termination is sought. This Guaranty and all obligations of Guarantor hereunder shall be binding upon the successors and assigns of Guarantor, and shall, together with the rights and remedies of Lender hereunder, inure to the benefit of Lender and its successors and assigns. The invalidity, illegality or unenforceability of any provision of this Guaranty shall not affect the validity, legality or enforceability of any other provision of this Guaranty. This Guaranty shall be governed by and be construed and interpreted in accordance with the laws of the Commonwealth of Pennsylvania.

**IN WITNESS WHEREOF**, the undersigned, intending to be legally bound, have duly executed and delivered this Guaranty Agreement the day and year first above written.

Witness:

_____        _____
                                          Anthony Imbiscuso

NOTARIAL SEAL
JOHN M SEWELL
Notary Public
PHILADELPHIA CITY, PHILADELPHIA CNTY
My Commission Expires Jun 3, 2013

                                          _____
                                          Giovanna Imbiscuso

-3-